# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CRIM CASE NO. 10cr4514WQH |
|---|---|
| Plaintiff, | CIVIL CASE NO. 13cv1812WQH |
| vs. | **ORDER** |
| LUIS ALVAREZ-RODRIGUEZ, | |
| Defendant. | |

HAYES, Judge:

The matters before the Court are: (1) the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody filed by Defendant (ECF No. 67), and (2) the motion to appoint counsel filed by Defendant (ECF No. 71).

## I.   Background

On August 28, 2010, Defendant was arrested at the San Ysidro Port of Entry on probable cause of attempted reentry by a removed alien. (Case No. 10cr3778, ECF No. 1 at 1-2). On November 9, 2010, Defendant was charged by indictment with attempted reentry by a removed alien under 8 U.S.C. § 1326 and with false claim to United States citizenship under 18 U.S.C. § 911. (ECF No. 1).

On November 10, 2010, Defendant was appointed counsel and entered a plea of not guilty as to both counts. (ECF No. 3).

On January 11, 2011, Defendant filed a motion to dismiss indictment. (ECF No. 14). On January 14, 2011, the Government filed a response. (ECF No. 16).

1  On May 9, 2011, Defendant filed a motion to dismiss indictment. (ECF No. 20).
2  On May 23, 2011, the Government filed a response. (ECF No. 21).

3  On June 13, 2011, the Court issued an Order denying the two motions to dismiss
4  indictment filed by Defendant. (ECF No. 25).

5  On August 23, 2011, Defendant was found guilty on Counts 1 and 2 by jury
6  verdict. (ECF No. 38).

7  On November 7, 2011, a presentence report was prepared and submitted to the
8  Court. (ECF No. 43). The presentence report detailed Defendant's criminal history,
9  including 2 criminal history points for a felony conviction under Cal. Penal Code §
10 470(d) in 2005. *Id.* at 7. The presentence report found that Defendant's criminal
11 history score was 13, placing Defendant in Criminal History Category VI. *Id.* at 9. The
12 presentence report found that the total offense level was 22, resulting in an advisory
13 guideline range of imprisonment for 84 to 105 months and a recommended sentence of
14 95 months. *Id.* at 16.

15 On November 9, 2011, Defendant filed a motion for new trial. (ECF No. 44).
16 On November 10, 2011, Defendant added to his motion a motion to dismiss Count 2
17 notwithstanding the jury verdict. *Id.* On November 18, 2011, the Government filed a
18 response. (ECF No. 46).

19 On December 13, 2011, Defendant filed a Notice of Appeal and a motion to
20 request appointment of new CJA counsel on appeal. (ECF No. 51 and No. 52).

21 On December 13, 2011, the Court entered Judgment as to Defendant sentencing
22 Defendant to a term of 70 months on Count 1 and a term of 36 months on Count 2 to
23 run concurrently with Count 1. (ECF No. 53).

24 On February 1, 2012, the Magistrate Judge issued an Order appointing new
25 counsel on appeal for Defendant. (ECF No. 58).

26 On April 23, 2013, the Court of Appeals for the Ninth Circuit issued an Order
27 granting a motion to withdraw filed by counsel for Defendant and affirming
28 Defendant's conviction and sentence. (ECF No. 65). On June 19, 2013, the Court of

1  Appeals for the Ninth Circuit issued the formal Mandate affirming the decision as to
2  Defendant. (ECF No. 66).
3       On August 5, 2013, Defendant filed the motion to vacate under 28 U.S.C. § 2255.
4  (ECF No. 67).
5       On August 13, 2013, Defendant filed the motion to appoint counsel. (ECF No.
6  71).
7       On October 16, 2013, the Government filed a response. (ECF No. 74).

**II.   Discussion**

    **A.   Motion to Vacate**

Defendant contends that he is entitled to relief from judgment on grounds of denial of effective assistance of counsel. (ECF No. 67 at 6). Defendant contends that all three of the attorneys that he was appointed, at the district court level and on appeal, failed to adequately represent him. *Id.* The Government contends that the Court should deny the motion filed by defendant without further hearing for failure to state a claim for relief. *Id.* at 7-8.

28 U.S.C. § 2255 provides that "[a] prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

To prevail on a claim of ineffective assistance of counsel, the Defendant must show: (1) that representation of counsel fell below an objective standard of reasonableness, and (2) that any deficiencies in counsel's performance were prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984). Both deficient performance and prejudice are required before it can be said that a conviction or sentence resulted from a breakdown in the adversary process that rendered the result of the proceeding

1 unreliable and thus in violation of the Sixth Amendment. *See United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005). "Because failure to meet either prong is fatal to [a defendant's] claim, there is no requirement that [courts] address both components of the inquiry if the defendant makes an insufficient showing on one." *Gonzalez v. Wong*, 667 F.2d 965, 987 (9th Cir. 2011) (internal quotation marks and citations omitted).

In order to show that counsel's representation fell below an objective standard of reasonableness, Defendant "must identify acts or omissions that are 'outside the wide range of professionally competent assistance.'" *Jones v. United States*, 783 F.2d 1477, 1482 (9th Cir. 1986) (quoting *Strickland*, 466 U.S. at 687); *see also United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991) (noting that a defendant must identify "material, specific errors and omissions" to show unreasonable representation). Courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." *Strickland*, 466 U.S. at 694. A deficient performance requires showing "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

In order to satisfy the prejudice prong of a claim of ineffective assistance of counsel, the defendant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

  **i.**   **Failure to Review the Presentence Report with Defendant**

Defendant alleges that his counsel failed to object to the presentence report's assignment of 2 criminal history points to Defendant's conviction under Cal. Penal Code § 470(d) from September 15, 2005. (ECF No. 67 at 6). Defendant contends that this conviction "is a 'Wobbler' by California [s]tatute, and should not have been calculated as a felony." *Id.* Defendant alleges that his counsel never reviewed the final presentence report with him, "thus keeping [Defendant] from being able to voice his objections with his [a]ttorney." *Id.* at 7.

The Government contends that "Defendant's claim of ineffective assistance of counsel, based upon his counsel's alleged failure to object to the [presentence report], fails to state a claim for relief." (ECF No. 74 at 6). The Government contends that "under USSG § 4A1.1(b), 2 [criminal history] points are added for each prior sentence of imprisonment of at least sixty days." *Id.* (internal quotation marks omitted). The Government contends that the conviction was properly assigned 2 criminal history points because the assignment "does not depend upon the classification of the conviction as a misdemeanor or [a] felony." *Id.*

When the alleged unprofessional error is counsel's failure to review the presentence report with a defendant, the defendant must show: (1) that the report contained materially false information, and (2) that it is reasonably plausible that the sentencing court relied on the challenged information. *See United States v. Donn*, 661 F.2d 820, 824 (9th Cir. 1981) ("If the report contained materially false information that the trial court relied on in sentencing, the failure to show it to [the defendant] clearly was prejudicial."); *see also Jones*, 783 F.2d at 1482 ("[T]he record shows the court did not rely on the challenged information but imposed a sentence warranted by the testimony at trial....[accordingly,] [the defendant] was not prejudiced by his counsel's failure to challenge the alleged inaccuracies.").

U.S.S.G. § 4A1.1(b) provides that in determining a defendant's criminal history category, 2 criminal history points are to be added "for each prior sentence of imprisonment of at least sixty days..." Pursuant to U.S.S.G. § 4A1.1(b), 2 criminal history points were correctly assigned to Defendant's conviction under Cal. Penal Code § 470(d) from 2005, for which Defendant was sentenced to 90 days in custody. Defendant has failed to allege any material error in the report. The Court finds that Defendant was not prejudiced by counsel's alleged failure to show Defendant the presentence report. *See Donn*, 661 F.2d at 824. Because Defendant has failed to show that there is a reasonable probability that he was prejudiced by counsel's alleged failure to review the presentence report with Defendant, the Court declines to address the

reasonableness of counsel's alleged conduct. *See Gonzalez*, 667 F.2d at 987. Defendant is not entitled to relief on grounds that counsel allegedly failed to review the presentence report with him.

### ii.    Rushing Defendant into Trial

Defendant contends that his attorney rushed him into trial, and Defendant "feels he was not properly advised." (ECF No. 67 at 7).

The Government contends that "Defendant's claim of ineffective counsel, based upon his attorney's failure to further delay the trial of the case, fails to state a claim for relief." (ECF No. 74 at 6). The Government further submits that the record reflects that "Defendant was charged by indictment on November 9, 2010, and trial did not commence until August, 23, 2011 .... Attorney Scott Pactor represented Defendant during the entire time leading up to trial, and filed [] two motions to dismiss..." *Id.* at 7. The Government alleges that Defendant has not filed a declaration specifying inadequate representation with any particularity. *See Id.*

Counsel are afforded wide latitude in formulating trial tactics and strategy. *See Hensley v. Crist*, 67 F.3d 181, 185 (9th Cir. 1995). A tactical decision amounts to ineffective assistance of counsel only if it was so patently unreasonable that no competent attorney would have chosen it. *Id.*

In this case, over nine months passed between the arrest of Defendant on August 28, 2010, and the jury trial on August 23, 2011. (*See* ECF No. 1 at 1-2 and No. 38). The docket reflects that during that time, counsel for Defendant filed various motions and responses, including two motions to dismiss indictment. (ECF No. 14 and No. 20). Defendant does not identify any "material, specific errors and omissions" made by counsel to support his allegation that counsel rushed Defendant into trial. *Molina*, 934 F.2d at 1447; *see Miller v. Keeney*, 882 F.3d 1428, 1434 (9th Cir. 1989) (noting that failure to raise a frivolous or untenable claim is not ineffective assistance of counsel). The Court finds that Defendant has failed to fulfill his burden to identify facts to show that counsel's alleged conduct was so patently unreasonable that no competent attorney

would have chosen it. *See Molina*, 934 F.2d at 1447; *see also Hensley*, 67 F.3d at 185. The Court declines to address whether Defendant was prejudiced by counsel's alleged conduct. *See Gonzalez*, 667 F.2d at 987. Defendant is not entitled to relief on grounds that counsel allegedly rushed him to trial.

### B. Motion to Appoint Counsel

In his motion to appoint counsel, Defendant alleges that he requires assistance to proceed with his pending motion to vacate. (ECF No. 71). Defendant contends that "[u]nder 18 USC § 3006A, [t]he Criminal Justice Act, and the 6th [a]mendment of the United States Constitution[,] ... [Defendant] is entitled to the [a]ssistance of [a]dequate [c]ounsel for his defense." *Id.*

The Criminal Justice Act provides that representation shall be provided for any financially eligible person who is entitled to appointment of counsel under the sixth amendment to the Constitution. 18 U.S.C. § 3006A(a)(1)(H). The sixth amendment guarantees certain rights, including the right to assistance of counsel, to defendants "in any criminal proceeding." U.S. CONST. Amend. VI.

The Criminal Justice Act additionally provides that whenever the court "determines that the interests of justice so require, representation may be provided for any financially eligible person who ... is seeking relief under ... 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel in a habeas petition is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987). Appointment of counsel in a habeas petition is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Id.*

A motion to vacate pursuant to 28 U.S.C. § 2255 is a civil claim for relief. Defendant does not have a sixth amendment right to assistance of counsel in his motion to vacate. *See Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1959) ("The instant [habeas] appeal, however, is not a step in a federal criminal proceeding, but is a step in a civil proceeding. The Sixth Amendment has no application here...") (internal citation

omitted). Based on the record of this case, the Court finds that appointment of counsel is not necessary to avoid a due process violation, or required by the interests of justice.

### III. Conclusion

IT IS HEREBY ORDERED that the motion to vacate (10cr4514 ECF No. 67; 13cv1812 ECF No.1) is DENIED and the motion to appoint counsel (ECF No. 71) is DENIED.

DATED: November 13, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge